**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00112-GPG-CYC

THE OUTDOORSMANS ATTIC, LLC,

      Petitioner,

v.

PAUL BROWN, Director of Industry Operations for the ATF's Denver Field Division,

      Respondent.

---

### ANSWER TO PETITION (ECF No. 1)

---

Respondent, Director Brown, by and through undersigned counsel, submits this answer to Petitioner's, the Outdoorsmans Attic, "Petition for De Novo Review of the Revocation of a Federal Firearms Licence Pursuant to 18 U.S.C. § 923(f)(3)," ECF No. 1, as follows. Respondent responds according to the numbered paragraphs contained in the Petition. All allegations not specifically admitted are denied.

1.      Admit Petitioner has petitioned for de novo review of the revocation of its Federal Firearms License. Defendant denies all remaining allegations in this paragraph.

### **PARTIES**

2.      Admit.

3.      Admit.

### **JURISDICTION**

4.      Admit.

1

5.      Admit.

## BACKGROUND

6.      Admit.

7.      Respondent admits that Petitioner sold firearms at retail. Respondent lacks knowledge or information sufficient to form a belief about Petitioner's business. Defendant denies all remaining allegations in this paragraph.

8.      Respondent admits that Petitioner transferred firearms to raffle winners of raffles conducted by entities that did not have Federal Firearms Licenses. Defendant denies all remaining allegations in this paragraph.

9.      Respondent lacks knowledge or information sufficient to form a belief about firearms transferred to Petitioner.

10.     Respondent lacks knowledge or information sufficient to form a belief about how firearms were transferred by Petitioner to raffle winners.

11.     Respondent lacks knowledge or information sufficient to form a belief about how firearms were transferred by Petitioner to raffle winners.

12.     Respondent lacks knowledge or information sufficient to form a belief about how firearms were transferred by Petitioner to raffle winners.

### Firearm Raffles Conducted By Leonel Castillo

13.     Admit.

14.     Admit that Petitioner agreed to transfer firearms to the winners of raffles conducted by Mr. Castillo. Respondent lacks knowledge or information sufficient to form

a belief about how firearms were transferred to raffle winners by Petitioner.

15.     Admit.

16.     Admit.

17.     Admit that Jorge Miranda brought firearms to Petitioner to be included in the raffles conducted by Mr. Castillo. Deny that Carlos Anaya brought firearms to Petitioner to be included in the raffles conducted by Mr. Castillo.

18.     Admit.

19.     Deny.

20.     Admit that Petitioner entered firearms as having been received from Mr. Anaya for raffles conducted by Mr. Castillo in its acquisition and disposition ("A&D") records. Deny that Mr. Anaya brought firearms to Petitioner to be included in the raffles conducted by Mr. Castillo.

21.     Admit that Petitioner entered firearms as having been received from Mr. Miranda for raffles conducted by Mr. Castillo in its A&D records. Deny that all firearms entered in Petitioner's A&D records under Mr. Miranda were received from Mr. Miranda.

22.     Respondent lacks knowledge or information sufficient to form a belief about how Petitioner checks identification of individuals from whom it receives firearms.

### ATF Report of Violations and Notice of Revocation

23.     Admit.

24.     Admit that four violations were listed on the November 19, 2018, compliance inspection of Petitioner.

25.    Admit that no further administrative action was taken against Petitioner for the four violations in the 2018 compliance inspection. Respondent denies all remaining allegations.

26.    Admit that the ATF conducted a compliance inspection of Petitioner on February 20, 2024. Defendant denies all remaining allegations in this paragraph.

27.    Admit that the ATF issued a compliance inspection report of Petitioner on March 7, 2024. Defendant denies all remaining allegations in this paragraph.

28.    Admit.

29.    Deny.

30.    Admit that the ATF issued an amended compliance inspection report on May 24, 2024. Defendant denies all remaining allegations in this paragraph.

31.    Admit.

32.    Admit that a Notice to Revoke or Suspend License and/or Impose a Civil Fine was issued on July 1, 2024, based on fifteen violations of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.128(c) and one violation of 18 U.S.C. §§ 2 and 922(a)(1)(A). Defendant denies all remaining allegations in this paragraph.

33.    Admit.

34.    Admit.

35.    Admit.

36.    Deny.

37.    Deny.

38.     Admit.

39.     Admit.

40.     Deny.

41.     Admit.

### September 25, 2024 Revocation Hearing

42.     Admit that Respondent issued the Notice to Revoke. Admit that

Respondent presided over the September 25, 2024, revocation hearing. Defendant

denies all remaining allegations in this paragraph.

43.     Admit that the ATF presented two witnesses at the September 25, 2024,

revocation hearing: Industry Operations Investigator ("IOI") Gregory Paa and Special

Agent ("SA") Jason Clemens. Defendant denies all remaining allegations in this

paragraph.

44.     Admit.

45.     Admit that SA Clemens testified that he investigated Mr. Castillo because

Mr. Castillo was a felon and unlicensed firearms dealer that was purchasing firearms

from Petitioner. Defendant denies all remaining allegations in this paragraph.

46.     Admit that SA Clemens testified that he interviewed Mr. Anaya and Mr.

Miranda. Admit that SA Clemens testified that Mr. Anaya and Mr. Miranda admitted to

transferring firearms to Mr. Castillo who brought the firearms to Petitioner. Further,

admit that SA Clemens testified that Mr. Anaya denied that he had ever been to

Outdoorsmans Attic. Admit that SA Clemens testified that Mr. Miranda denied taking

firearms to Petitioner on one occasion. Defendant denies all remaining allegations in this paragraph.

47.     Admit that SA Clemens testified that Mr. Castillo admitted that he brought firearms to Petitioner and that the firearms were entered in the A&D records under Mr. Miranda and Mr. Anaya. Defendant denies all remaining allegations in this paragraph.

48.     Admit that Mr. Castillo was indicted and charged with one count of dealing in firearms without a federal firearms license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), and four counts of a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in *USA v. Castillo*, 23-cr-00326-NYW. Defendant denies all remaining allegations in this paragraph.

49.     Admit that as of the September 25, 2024, revocation hearing, Mr. Castillo had not been sentenced in *USA v. Castillo*, 23-cr-00326-NYW. Deny that Mr. Castillo provided false information to SA Clemens.

50.     Admit that Mr. Anaya was indicted and charged with two counts of making a false statement during purchase of a firearm in violation of 18 U.S.C. § 924(a)(1)(A) and two counts of unlawful disposal of firearm and ammunition to a felon in violation of 18 U.S.C. § 922(d)(1) in *USA v. Anaya*, 24-cr-00104-PAB. Defendant denies all remaining allegations in this paragraph.

51.     Admit that as of the September 25, 2024, revocation hearing, Mr. Anaya had not been sentenced in *USA v. Anaya*, 24-cr-00104-PAB. Deny that Mr. Anaya provided false information to SA Clemens.

52.    Deny that Mr. Miranda provided false information to SA Clemens.

53.    Admit that Mr. Paddock testified to the information provided in paragraph 53.

54.    Admit that Mr. Paddock testified to the information provided in paragraph 54.

55.    Admit that Mr. Paddock testified to the information provided in paragraph 55.

<u>**Final Notice of Revocation**</u>

56.    Admit.

57.    Admit that in the Final Notice of Revocation, Respondent concluded that the A&D record contained false statements concerning the acquisition of firearms from Mr. Anaya and Mr. Miranda. Admit that Respondent also concluded that Mr. Paddock, licensee, willfully aided and abetted Mr. Castillo to engage in the business of dealing firearms without a federal firearms license. Defendant denies all remaining allegations in this paragraph.

58.    A response to the legal conclusion contained in this paragraph is not required. To the extent a response is required, admit that under 18 U.S.C. § 923(e), the Attorney General may revoke any license issued under the section if the licensee has "willfully violated" any provision of the chapter.

59.    A response to the legal conclusions contained in this paragraph is not required.  To the extent a response is required, deny to the extent that this legal

conclusion does not fully and accurately state the law on this point.

60.    A response to the legal conclusion contained in this paragraph is not required. To the extent a response is required, deny to the extent that this legal conclusion does not fully and accurately state the law on this point.

61.    A response to the legal conclusion contained in this paragraph is not required. To the extent a response is required, deny to the extent that this legal conclusion does not fully and accurately state the law on this point.

62.    Admit that Petitioner was not entitled to discovery or to compel any witnesses to testify at the September 25, 2024, revocation hearing. Defendant denies all remaining allegations in this paragraph.

63.    A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, deny.

64.    Deny.

65.    A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, deny that the September 25, 2024, revocation hearing was subject to the Federal Rules of Evidence.

66.    A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, deny that the September 25, 2024, revocation hearing was subject to the Federal Rules of Evidence.

67.    A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, deny.

68.     A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, admit that Mr. Paddock's testimony, the A&D records, firearm transfer receipts, and a photocopy of Mr. Miranda's driver's license were submitted as evidence in the September 25, 2024, revocation hearing.

69.     Deny.

70.     A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, deny.

71.     Deny.

72.     Admit.

73.     Admit.

74.     Admit.

75.     Admit that Respondent authorized a thirty-day extension by and until December 29, 2024. Deny the remaining allegations in this paragraph.

76.     A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, admit that a federal firearms license revocation is subject to de novo review in U.S. district court within sixty days after the date notice was given. *See* 18 U.S.C.§ 923(f)(3).

77.     A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, deny to the extent that this legal conclusion does not fully and accurately state the law on this point.

78.     A response to the legal conclusions contained in this paragraph is not

required. To the extent a response is required, deny.

Respondent denies the allegations contained in the "WHEREFORE" section of the Petition, and denies that Plaintiff is entitled to any relief.

### DEFENSES

1.      The Attorney General was authorized to revoke the Petitioner's federal firearms license.

WHEREFORE, having fully answered the Petition, ECF No. 1, Petitioner requests that the Petition be dismissed, and that judgment be entered for Respondent and against Petitioner, together with costs and such other relief as the Court deems appropriate in this case.

Respectfully submitted April 15, 2025.

J. BISHOP GREWELL
Acting United States Attorney

s/ *Erika A. Kelley*
Erika A. Kelley
Assistant United States Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0103
Email: erika.kelley@usdoj.gov
*Counsel for Respondent*

**CERTIFICATE OF SERVICE (CM/ECF)**

I certify that on April 15, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all parties and counsel of record.

Scott C. Allan
sallan@renzullilaw.com
*Attorney for Petitioner*

<u>*s/Erika A. Kelley*</u>
U.S. Attorney's Office